**LEVIN METALS CORP.,
et al., Plaintiffs,**

v.

**PARR–RICHMOND TERMINAL CO.,
a dissolved corporation, et al.,
Defendants.**

**PARR–RICHMOND TERMINAL CO.,
a dissolved corporation, et al.,
Counter–Complainants,**

v.

**Richard LEVIN, Levin Metals,
et al., Counter–Defendants.**

**LEVIN METALS CORP.,
et al., Plaintiffs,**

v.

**PARR–RICHMOND TERMINAL
CO., et al., Defendants.**

**Nos. C 84 6273 SBA, C 84 6324
SBA and C 85 4776 SBA.**

United States District Court,
N.D. California.

July 30, 1991.

---

## ORDER CLARIFYING SUMMARY JUDGMENT ORDER

CONTI, District Judge.

In its order of June 21, 1991, this court, 781 F.Supp. 1448, denied the motion of Montrose Chemical Corporation of America ("Montrose") and Stauffer Chemical Company ("Stauffer"), defendants in these consolidated actions, for partial summary judgment pursuant to Fed.R.Civ.P. 56 on the issue of their liability. When the court issued that order, it was unaware of the motion to strike that Montrose had filed in conjunction with its motion for partial summary judgment. The court set a briefing schedule on the motion to strike, and now clarifies its order re summary judgment in light of the motion to strike.

After thorough review of all briefs and supporting documentation regarding Montrose's motion, the court finds that the motion is properly denied even absent the material Montrose seeks to strike.

It is agreed that Montrose supplied Heckathorn with an amount of DDT approximately 76% by weight of the amount of 75% DDT wettable powder to be produced. Levin alleges that Montrose is liable under CERCLA as an arranger in that it anticipated a loss of some of the DDT it provided to Heckathorn. There was no written agreement between the parties. Montrose failed to make and properly support an initial showing that it *didn't* anticipate a loss of some of the DDT into the environment, sufficient to show the absence of a genuine issue of material fact. Even if there were no admissible testimony to the effect that Montrose included extra DDT as a "spillage allowance," the remaining factual issue of whether Montrose anticipated DDT loss could still be resolved on circumstantial evidence at trial for or against Montrose. Again, what was contemplated during the negotiation of the formulating contracts between Montrose and Heckathorn is sufficiently unclear to defeat summary judgment alone.

The court additionally found in its previous order that there remains a genuine issue in that CERCLA arranger liability might obtain if the chemical companies arranged for the formulation, and the formulation process resulted in disposal of hazardous substances, even if the chemical companies did not directly, affirmatively arrange for the disposal. Resolution of this issue turns on the factual questions of whether generation of hazardous waste was inherent in the process and whether the chemical companies retained ownership of the chemicals and, therefore, authority to control the work in process at all times.

Because these genuine issues of fact remain even absent the material Montrose seeks to strike from evidence, the court declines to rule on the motion to strike. The summary judgment motion stands DENIED as originally ordered.

IT IS SO ORDERED.